UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JOSEPH TENWINKLE,<br><br>Plaintiff,<br><br>v.<br><br>RICHARDSONS BAY REGIONAL AGENCY, et al.,<br><br>Defendants. | Case No. 21-cv-09081-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND, AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 17 |

Now before the Court for consideration is the motion to dismiss filed by Richardson's Bay Regional Agency ("RBRA") and Harbormaster Curtis Havel ("Havel") (collectively "Defendants").[1] That motion has been pending since April 4, 2022, and the Court has granted Plaintiff two extensions of time to respond to the motion. (*See* Dkt. Nos. 30, 33.) On July 12, 2022, Plaintiff filed a "preliminary response" ("Response") to the motion, in which he asks the Court for an additional 120 days to conduct discovery "so that he can adequately answer defendants' Rule 26(b) motion." (Dkt. No. 34, Response at 1:24-25.) Defendants have filed their reply, and the matter is ripe for disposition.

The Court concludes the motion can be resolved on the papers. *See* N.D. Civ. L.R. 7-1(b). For the reasons that follow the Court DENIES Plaintiff's request for discovery before resolving the motion, GRANTS the motion, GRANTS Plaintiff leave to amend, and schedules an initial case management conference.

//

---

[1] Plaintiff also named the City of Sausalito and the Army Corps of Engineers (the "Corps") as Defendants. The Corps has not appeared and apparently did not accept service because Plaintiff did not name any individual as a defendant. (Dkt. No. 14.) The City of Sausalito filed an Answer on April 4, 2022.

**BACKGROUND**

Plaintiff alleges that he is the owner of a Professional Vessel Recovery Vessel (the "Vessel") and alleges that, on November 22, 2019, Havel boarded the Vessel without a warrant. According to Plaintiff, Havel designated the Vessel as "marine debris," even though it did not qualify as such.[2] Plaintiff also alleges that Havel towed the Vessel to a debris dock; when the tide subsided, the Vessel dropped to the concrete ramp and was seriously damaged. (*See* Compl. at 4-5, 23-25; *see also* Dkt. No. 1-1 at 1 (narrative submitted as exhibit to Complaint).) Plaintiff alleges that Havel's actions did not conform with local ordinances and alleges that Defendants have a custom and policy of violating those ordinances. (*See, e.g., id.* at 5-22.)

On November 23, 2021, based on these and other allegations that the Court shall address as necessary, Plaintiff filed his complaint alleging Defendants violated his Fourth Amendment right to be free from unreasonable seizures, engaged in an unconstitutional taking, and violated his right to due process. The Court liberally construes Plaintiff's Complaint to assert those claims pursuant to 42 U.S.C. section 1983. Plaintiff also asserts state law claims for negligence and conversion.

**ANALYSIS**

A.  **Applicable Legal Standards.**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even under the liberal pleading standard of Rule 8(a)(2), a plaintiff must provide more than mere labels, conclusions, and formulaic recitations of their claims' requisite elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2]  "'Marine debris' is a vessel or part of a vessel, including a derelict, wreck, hulk, or part of any ship or other watercraft or dilapidated vessel, that is unseaworthy and not reasonably fit or capable of being made fit to be used as a means of transportation by water." Cal. Harb. & Nav. Code § 550(b).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In general, the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The Court normally does not consider material outside the pleadings to resolve a motion to dismiss. There are two exceptions to this rule: the doctrine of incorporation by reference and judicial notice under Federal Rule of Evidence 201. Each mechanism permits district courts to consider materials outside a complaint, but for different reasons. *Khoja v. Orezigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Under Rule 201, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Although a court may take judicial notice of matters of public record and properly consider those matters when evaluating a motion to dismiss, a court may not take judicial notice of disputed facts contained in such public records. *Lee*, 250 F.3d at 689 (quotations and citations omitted).

Incorporation by reference, on the other hand, is a judicially-created doctrine that treats certain documents as though they are part of the complaint itself. *Khoja*, 899 F.3d at 1002. This doctrine is a tool to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims. *Id.* (citations omitted). When a court incorporates a document by reference, it may assume all contents of the document are true for the purposes of a motion to dismiss under 12(b)(6). *Id.* at 1003 (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quotations omitted)). Thus, courts must be cautious when drawing inferences from incorporated documents. *Id.*

3

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.    The Court Grants, in Part, Defendants' Request for Judicial Notice and Denies Plaintiff's Request for Discovery.**

Defendants ask the Court to take judicial notice of Plaintiff's complaint. That is not necessary because it is the relevant pleading in this case and already is part of the record. Accordingly, the Court DENIES that request as moot. Defendants also ask the Court to take judicial notice of: (1) a rejection of an administrative claim that Plaintiff submitted to the County of Marin, which is not a defendant; and (2) RBRA's rejection of the claim presented to Marin County. The Court GRANTS Defendants' request to take judicial notice of the existence of those documents and the dates they were issued. The Court also concludes Plaintiff has not shown discovery is required to resolve the issues raised by the motion.

**C.    The Court Dismisses Plaintiff's Federal Claims, With Leave to Amend.**

Defendants move to dismiss Plaintiff's federal claims on the basis that they are barred by the statute of limitations. Because Section 1983 does not specify a statute of limitations, federal courts borrow the applicable state statute of limitations. In this case, the relevant statute is California Code of Civil Procedure 335.1, which sets forth a two-year statute of limitations for personal injury claims. *See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.,* 509 F.3d 1020, 1026 (9th Cir. 2007). Plaintiff alleges that the conduct gave rise to this suit took place on November 22, 2019.[3], Plaintiff filed the Complaint on November 23, 2021, one day after the statute of limitations ran. Plaintiff has not alleged why the statute of limitations should be tolled; *i.e.* what circumstances might excuse the failure to file a complaint within the statute of limitations. Because the Court cannot say it would be futile, the Court grants him leave to amend

---

[3]    In his opposition, Plaintiff suggests that the issues began earlier.

4

to plead facts showing that tolling is warranted.[4]

Defendants also move to dismiss the claims against Havel on the basis that Plaintiff does not specify whether the claims are asserted against him in his official or individual capacity. An official capacity claim "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Here, however, Plaintiff does seek prospective injunctive relief, and a suit against state officials seeking prospective injunctive relief from unconstitutional state action is not barred. *See Kentucky v. Graham*, 472 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)); *Wolfe v. Strankman*, 392 F.3d 358, 364-65 (9th Cir. 2004) (stating that official capacity actions for prospective injunctive relief are not treated as actions against the state).

To have standing to seek injunctive relief, however, Plaintiff must allege facts to show that he "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

Based on the allegations as they stand, the Court concludes Plaintiff fails to allege facts showing he has standing to seek injunctive relief. That is, Plaintiff fails to include facts that show he is likely to be wronged again in a similar way. If Plaintiff chooses to amend, he shall not plead a separate "cause of action" for injunctive relief, which is a remedy, but must include facts that show he would be entitled to that relief.

//

---

[4] The Court also notes that Plaintiff's Complaint is dated November 1, 2021, and the envelope filed with the complaint notes that it is due on November 22, 2021.

**D.      The Court Dismisses Plaintiff's State Law Claims Against Defendants.[5]**

The Government Claims Act provides that a party cannot file an action for money or damages against a local public agency until a written claim has been filed with and rejected by the defendant agency. *See* Cal. Gov't Code §§ 905, 945.4, 950.2; *DiCampli-Mintz v. County of Santa Clara*, 55 Cal. 4th 983, 989 (2012); *City of San Jose v. Sup. Ct.*, 12 Cal. 3d 447, 454 (1974). A timely claim presentation is not merely a procedural requirement, but a condition precedent to maintaining an action against local public entities and "failure to file a claim is fatal to the cause of action." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *accord DiCampli-Mintz*, 55 Cal. 4th at 990. Claims for personal injury must be presented to a public entity within six months after the accrual of the cause of action. Cal. Gov't Code § 911.2(a). "[F]ailure to timely present a claim to the public entity bars the claimant from filing a lawsuit against that public entity." *J.J. v. Cty. of San Diego*, 223 Cal. App. 4th 1214, 1219 (2014) (citation omitted).

"Suits against a public entity or public employees are governed by the specific statute of limitations provided in the Government Code, not the statute of limitations that applies to private defendants." *Moore v. Twomey*, 120 Cal. App. 4th 910, 913-14 (2004) (citing *Martell v. Antelope Valley Hosp. Med. Center*, 67 Cal. App. 4th 978, 981 (1998).) Government Code section 945.6 requires that "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code § 945.6(a)(1).

The notices of rejection that Defendants submit are dated July 6, 2020 and July 7, 2020, respectively, but Plaintiff did not file suit until November 23, 2021, well after the six-month deadline provided by Government Code section 945.6(a)(1) expired. Plaintiff has not addressed this argument in his Response, nor does he explain what discovery would be necessary to address this argument. Plaintiff also fails to plead any facts that suggest that the Court should toll the provisions of Section 945.6. Accordingly, the Court GRANTS Defendants' motion to dismiss on this basis, but it will grant Plaintiff leave to amend. In light of this ruling, the Court does not reach Defendants' alternative arguments in support of dismissal. If Plaintiff amends these claims,

---

[5]      Because the City of Sausalito has filed an answer, the Court will exercise supplemental jurisdiction over the state law claims.

Defendants may renew those arguments in a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the claims Plaintiff asserts against them. If Plaintiff chooses to amend, he shall file an amended complaint by no later than September 2, 2022. The Court will not grant any further extensions, and if Plaintiff fails to file an amended complaint against RBRA and Havel by that date, the Court will dismiss the claims against them for failure to prosecute. If Plaintiff does amend, Defendants shall answer or otherwise respond by September 23, 2022.

Finally, the Court schedules an initial case management conference on October 28, 2022 at 11:00 a.m. The parties shall file case management conference statements by no later than October 21, 2022.

The Court once again advises Plaintiff that the Court's website contains helpful information about how to proceed without a lawyer (https://www.cand.uscourts.gov/pro-se-litigants/). In addition, Plaintiff may wish to contact the Volunteer Legal Help Center by emailing fedpro@sfbar.org or by calling the appointment line at 415-782-8982. Information about appointment scheduling is also available on the Court's website: https://www.cand.uscourts.gov/about/court-programs/legal-help-desks/.

The attorney at the Legal Help Center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer.

**IT IS SO ORDERED**.

Dated: August 5, 2022

JEFFREY S. WHITE
United States District Judge